# IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE
# FOR THE NASHVILLE DIVISION

| | |
|---|---|
| **TRAVETTE TARA VASSER,**<br><br>    **Plaintiff,**<br><br>v.<br><br>**DMB AMESBURY SPRINGFIELD, LLC**<br>**CGJ SPRINGFIELD LLC**<br>**SPRINGFIELD ASSET MANAGEMENT, LLC**<br><br>    **Defendants.** | Case No: _____<br><br>**JURY DEMANDED** |

## COMPLAINT

Comes now, Travette Tara Vasser, by and through counsel, and files this her complaint against Defendants, jointly and severally and in support thereof would show the following:

### JURISDICTION AND VENUE

1. This is a civil action seeking monetary damages for bodily injuries sustained by plaintiff, Travette Tara Vasser, (hereinafter "Travette") on February 10, 2023, as a tenant living on the 2nd floor of Springfield Apartment complex at Mission Rock, 3726 Manson Pike Murfreesboro, Rutherford County, Tennessee 37129, when she opened the door of her

apartment to step out at night, observed the staircase was very dark, and slipped on a dark coffee-like substance on the uneven floor, as she walked towards the short hallway from her apartment towards the beginning of the staircase, that was dimly and poorly lit. As Travette moved towards the staircase, a black metal piece that protruded from the damaged guard rail, from the first step of the stairs, caused her to trip, slipped at the very top, tumbled down 18 steps to the ground floor of the concrete floor, and suffered multiple injuries that were life threatening.

2. Jurisdiction of the court is founded on diversity of citizenship and amount. Travette is a citizen of the state of Tennessee. Defendants Amesbury Springfield, LLC, CGJ Springfield LLC and Springfield Asset Management LLC are all citizens of the state of Delaware with principal offices in San Francisco, California. The matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. 1332. Venue is proper in United States District Court, Nashville Division.

**SAVINGS STATUTE**

**TCA 28-1-105**

3. Plaintiff originally filed this civil action in the Circuit Court of Davidson County in the Twentieth Judicial District in Nashville Tennessee. The case was assigned to Judge Lynne Ingram in the 8th Circuit. The Complaint for damage was timeously filed on January 18, 2024, well before the expiration of one year statute of February 10, 2024. On February 2, 2024, Summons were issued to

each of the three defendants and served by the Sheriff of Knox County on February 9, 2024.

4. On March 8, 2024, William S. Walton, from Butler Snow LLP filed a motion to dismiss plaintiff's complaint because of improper venue. The motion was fully briefed and after a hearing on April 4, 2024, Judge Lynne Ingram granted defendants' motion for dismissal without prejudice. On April 11, 2024, a final order of dismissal without prejudice was entered by Judge Lynne Ingram.

**PARTIES**

5. Defendant DMB Amesbury Springfield, LLC (hereinafter "DMB") was at the material time in possession, owner, lessor, agent, manager, operator, independent contractor, and entity in charge of managing the property known as Springfield Apartment Complex, Mission Rock, 3726 Manson Pike Murfreesboro, TN 37129. DMB is a Delaware limited liability company with its principal place of business in 37 Graham Street, Suite 200B, San Francisco, CA 94129-1724. Its local agent for service of process is CT Corporation System 300 Montvue Road, Knoxville, Tennessee, 37919-5546.

6. Defendant CGJ Springfield, LLC (hereinafter "CGJ") was at the material time in possession, owner, lessor, agent, manager, operator, independent contractor, and entity in charge of managing the property known as Springfield Apartment Complex, Mission Rock, 3726 Manson Pike Murfreesboro, TN 37129. DMB is a Delaware limited liability company with its principal place of business in 37 Graham Street, Suite 200B, San Francisco, CA 94129-1724. Its local agent for service of process is CT Corporation System 300 Montvue Road, Knoxville, Tennessee, 37919-5546.

7. Defendant Springfield Asset Management, LLC (hereinafter "Asset") was at the material time in possession, owner, lessor, agent, manager, operator, independent

contractor, and entity in charge of managing the property known as Springfield Apartment Complex, Mission Rock, 3726 Manson Pike Murfreesboro, TN 37129. Asset is a Delaware limited liability company with its principal place of business in 37 Graham Street, Suite 200B, San Francisco, CA 94129-1724. Its local agent for service of process is CT Corporation System 300 Montvue Road, Knoxville, Tennessee, 37919-5546.

**FACTS**

8. On or around February 10, 2023, Travette was a tenant living on the 2nd floor of Springfield Apartment complex at Mission Rock, 3726 Manson Pike Murfreesboro, TN 37129. At night, she opened the door of her apartment to step out and observed the staircase was very dark. In addition, the short hallway from her apartment towards the beginning of the staircase was dimly, poorly lit and uneven surface. As Travette moved towards the staircase, she slipped on a dark coffee-like substance on the uneven floor. As Travette slipped, a black metal piece that protruded from the damaged guard rail, from the first step of the stairs, caused her to trip, slipped at the very top, tumbled down 18 steps to the ground floor of the concrete floor, and suffered multiple injuries that were life threatening.

9. After her fall, Travette observed that the dark stairway was caused by malfunctioning lighting that had previously been brought to the attention of the owners and managers of the apartment complex multiple times, and they failed and or neglected to fix or effect necessary repairs to correct the problem.

4

Case 3:24-cv-00527   Document 1   Filed 04/29/24   Page 4 of 11 PageID #: 4

10. The protruding metal detached from the stairway had dark brownish coloration indicating the condition had existed for an exceedingly long time. The uneven surface had footmarks that lead everywhere and stains discoloration indicating the condition had existed for an exceedingly long time and ought to have put the apartment management and owners on notice. Plaintiff avers that defendants have a poor record of apartment maintenance, especially, removal of hazardous conditions brought to their attention:

**Particulars**

a. Email of April 9, 2021, to Meaghan Taylor that complained of hazard broken glass and pills next to her apartment door that laid there for three days and maintenance crew failed to remove it.

b. Email of November 17, 2021, addressed to one Angela J. English, property manager, asking for cleaning of hazardous condition with "nasty breezeway" before thanksgiving was acknowledged, and nothing was done.

c. Email correspondence of November 17, 2021, with Angela English, property manager, referenced sandwich package left by the stairway for weeks and which could have been stuck to the concrete that was not cleaned by the maintenance.

d. Another email to Meaghan Taylor, assistant property manager, referenced maintenance blowing dirt into plaintiff's rug and left it in a hazardous condition where she could trip was left without any action.

e. Email of April 29, 2022, sent to Meaghan Taylor and Angela J. English, property manager, of hazards created by dog feces on handicap parking lot right by plaintiff's vehicle, was not responded to until May 2, 2022.

f. Email of June 4, 2022, between Angela English property manager, referenced damages items in their correspondence.

g. Email of July 18, 19 2022 and August 22, 2022, plaintiff complained of multiple safety issues on the premises to Angela English and received threat of eviction.

11. That the areas around the staircase where these hazards existed were regularly trafficked by tenants, employees, maintenance crew, and managers of the apartment complex. Numerous complaints of malfunctioning lighting, conditions of the uneven floor, negligent construction, damaged and protruding, rusted, aging metal pipe, slippery floor, footprints of spilled substances that had stayed too long on the floor, constitute reasonable and sufficient notice to the apartment management, owners, maintenance crew and employees that they ought to have repaired the malfunctioning lighting and clean the staircase. The negligence of employees and management of the apartment complex is imputed to defendants DMB, CGJ and Asset jointly severally.

12. Further on the above, Travette avers that DMB, CGJ and Asset were negligent in selection, hiring of management, failed to train and or negligently trained their employees, negligently supervised employees, and management. It was this negligence by DMB, CGJ and Asset that caused the accident, and the injuries suffered by Travette.

13. Prior to the accident, the lack of maintenance and reckless disregard for the safety of tenants by management and employees were so pervasive that that they are imputed to DMB, CGJ and Asset. That this collective negligence, individually and severally were the cause of the accident.

14. **PARTICULARS OF NEGLIGENCE OF DFENDANTS DMB, CGJ AND ASSET'S ACTION WAS AN INTENTIONAL ACT DONE TO CAUSE DELIBERATE AND INTENTIONAL INJURY**

**Breach of Duty to Take Reasonable Steps to Protect Tenants**

   a. Defendants DMB, CGJ and Asset have a duty to protect tenants like Travette. Their dereliction of duty was the proximate cause of the accident and injuries suffered by Travette.
   b. DMB, CGJ and Asset were negligent in hiring and training their employees in maintenance of the apartment complex. It was this negligence that caused the accident and the injuries suffered by Travette.

15. **Second Cause of Action Against Defendants DMB, CGJ and Asset:**

Negligent Failure to Supervise Employees and Inspect Premises.

   a. DMB, CGJ, Asset its managers, and agents have a duty to supervise its employees and inspect their premises to ensure they are free of hazards.

   b. Had DMB, CGJ and Asset properly supervised their managers and employees, they would have discovered the complex was full of

hazards. Their negligence and failure were the proximate cause of the accident and injuries suffered by Travette.

      c.    Plaintiff pleads respondeat superior and avers that DMD, CGJ Asset are liable to Travette for the negligence of their employees, management and agents as the relationship between DMB, CGJ and Asset meet the following threshold: (1) the right to control the conduct of the work, (2) the right of termination, (3) method of payment, (4) whether or not the workers furnish their own helpers, (5) whether or not the workers furnish their own tools, (6) self-scheduling of working hours, and (7) freedom to render services to other entities.

16. **Third Cause of Action Against DMB, CGJ and ASSET**: Negligent failure to warn of a dangerous condition after Actual or Constructive Knowledge. DMB, CGJ, ASSET, management and other employees knew or ought to have known of malfunctioning lighting, damaged, protruding, rusting, metal pipes of the staircase, and uneven, slippery floor leading to the staircase that they constitute hazards and dangerous condition for tenants and other visitors on the premises. Their inadequacy and negligence are imputed to their employers DMB, CGJ, ASSET, their employers. Consequently, they are liable jointly and severally to Travette.

**Fourth Cause of Action Against DMB, CGJ and ASSET**

17. At the time of the accident, there were no warning signs to alert tenants of the hazards on the staircase. Defendants DMB, CGJ, ASSET, managers and agents had the management and supervisory duties and responsibilities after actual or constructive knowledge to safeguard the

premises from negligent acts, especially malfunctioning lighting, protruding rusting pipe and slippery floor on the premises to protect tenants and visitors on the premises. Defendants were jointly and severally negligent and breached their duties and responsibilities to warn and/or safeguard the premises and are personally liable to Travette for her injuries and damages.

**Fifth Cause of Action against DMB, CGJ and ASSET**: Negligent infliction of emotional distress.

18. Said Defendants knew or should have known of the existing hazards and the dangerous conditions they constitute for tenants and visitors to the premises. Defendants negligently breached their duty of care owed to Travette. It was foreseeable that emotional harm would result therefrom.

19. **Sixth Cause of Action against DMB, CGJ and ASSET**: Common law dangerous conditions due to uneven surfacing, protruding metal piece along the surface, foreign substances on the floor and insufficient lightning, most especially, the common area around the staircase, where plaintiff was injured.

20. Plaintiff avers that the common law dangerous conditions created by defendants' negligence jointly and severally was the proximate cause of the accident and injuries suffered by Plaintiff.

**Punitive Damages**

21. Plaintiff shall rely on defendants' poor maintenance record, indifference, and frequent refusal to remove hazardous conditions brought to the notice of

defendants to support its claim that defendants have a reckless disregard for the safety of others to justify award punitive damages.

### Actual Damages

22. As a direct, proximate result of the negligence, gross negligence and willful and wanton conduct of defendants, Travette suffered the following injuries:

- Two broken ankles with multiple fractures in both ankles left and right with ligament, tendons, tear in one ankle and Achilles tendon in both ankles.
- Injured Right, left Shoulder and neck.
- Bruised left arm.
- Carpal tunnel gloves bent into left arm.
- Big bruise on the butt
- Lower Back injuries
- Hurt and pain in her entire body.
- Extensive admission in the hospital for 30 days and critical care rehabilitation for 30 days.
- **Psychological** and emotional injuries, set forth herein that will remain with her for the rest of her life.

### ATTORNEY'S FEES

23. As an alternative to its cause of action against defendants, Plaintiff relies on the provision of apartment lease contract of May 3, 2022, and avers that the parties intend to be bound by provisions of Tennessee's Uniform Residential and Landlord Act. That defendants' reckless disregard for safety on the premises makes them liable for attorney's fees contractually and under the statute TN Code 66-28-502(d).

### RELIEF

**WHEREFORE**, Plaintiff prays for judgment individually and collectively

against Defendants for compensatory damages in an amount that exceeds the minimum jurisdiction amount of $75,000, plus post-judgment interest to be set by the court and all court costs.

Plaintiff prays for punitive damages against Defendants in an amount to exceed the minimum jurisdiction requirement of $75,0000.

Plaintiff prays for a trial by jury, for proper process to issue to Defendants, for the right to amend his pleadings to conform to the evidence, for post judgment interest, for court costs, including discretionary costs such as deposition expenses and expert witness fees, for attorney's fees and for any and all other legal and equitable relief that this court deems proper.

Respectfully submitted this 29th day of April 2024

SALU & SALU LAW FIRM, PLLC

By: _____
Olufemi Salu, Tennessee BPR #037341
SALU & SALU LAW FIRM, PLLC
2129 Stateline Road West,
Southaven, MS 38617
Telephone: (662) 662-342-7007
Facsimile: (662) 662-445-9060
salu@salulawfirm.com
*Attorney for Plaintiff*